No.  92-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ALVIN BIRKHOLZ,

        Plaintiff and Appellant,

    v.

STATE OF MONTANA, et al., DEPARTMENT
OF ADMINISTRATION, DIRECTOR DEPARTMENT
OF FISH, WILDLIFE & PARKS, and MARC
RACICOT, ATTORNEY GENERAL,

        Defendants and Respondents.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Alvin Birkholz, Pro Se, Miles City, Montana

        For Respondents:

        Norman C. Peterson, Assistant Attorney General,
        Agency Legal Services Bureau, Helena, Montana


FILED

FEB 19 1993

Filed:

Submitted on Briefs:  September 24, 1992

                 Decided:  February 19, 1993


_____
        Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Appellant Alvin Birkholz appeals from an order of the First Judicial District Court, Lewis and Clark County, dismissing his complaint on the grounds that it is barred by res judicata. We affirm.

The sole issue on appeal is:

Did District Judge Thomas Honzel properly dismiss Birkholz's second malicious prosecution action filed in the First Judicial District Court?

On June 30, 1990, Alvin Birkholz was charged with a misdemeanor violation by the Department of Fish, Wildlife, and Parks in Custer County, for failing to properly mark an unattended fishing set line with his name and address. On September 13, 1990, Birkholz filed a civil action in the First Judicial District Court against the State of Montana, the Department of Administration, the Department of Fish, Wildlife, and Parks, and the Attorney General, and generally alleged malicious prosecution of the misdemeanor charge. District Judge Dorothy McCarter dismissed the malicious prosecution action on December 17, 1990, based on Birkholz's failure to state a claim against any of the defendants upon which relief could be granted.

In particular, Judge McCarter determined that Birkholz did not meet the elements of a malicious prosecution claim. She determined that (1) probable cause existed for the fishing violation citation; and (2) the malicious prosecution action was premature because at the time that Birkholz commenced the suit, the underlying criminal

prosecution for his alleged fish and game violation was still pending. Birkholz did not appeal Judge McCarter's decision.

On March 13, 1991, Birkholz failed to appear at the scheduled trial for the fish and game violation. He was subsequently convicted of the misdemeanor charge. He did not appeal this conviction.

Approximately one year later, on February 26, 1992, Birkholz brought a malicious prosecution action in the Sixteenth Judicial District Court against two justices of the peace and two district court judges who were involved at some point in his misdemeanor conviction. This action was dismissed with prejudice. We denied Birkholz's appeal of the dismissal on the grounds that the appeal had no merit.

On April 8, 1992, Birkholz commenced a third malicious prosecution action. This action was brought (for the second time) in the First Judicial District Court. It involved the same parties, subject matter, and issues that were involved in Birkholz's first malicious prosecution action. This second malicious prosecution action in the First Judicial District Court is the subject of this appeal.

On June 12, 1992, District Judge Thomas Honzel dismissed Birkholz's second malicious prosecution action in the First Judicial District Court. He concluded that the case is barred by res judicata.

The doctrine of res judicata stands for the principle that a party should not be able to relitigate a matter that the party has

3

already had the opportunity to litigate. Public policy requires that there be some end to litigation. *Turtainen v. Poulsen* (1990), 243 Mont. 355, 360, 792 P.2d 1089, 1092; *First Bank v. Fourth Judicial Dist. Court* (1987), 226 Mont. 515, 519, 737 P.2d 1132, 1134.

Our Court has employed a four element test to determine whether or not a second action is barred by res judicata. For res judicata to be applicable:

> (1) the parties or their privies must be the same;
> (2) the subject matter of the action must be the same;
> (3) the issues must be the same, and must relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them.

*Turtainen*, 792 P.2d at 1092.

We conclude Judge Honzel properly dismissed Birkholz's second malicious prosecution action in the First Judicial District Court based on res judicata. All four elements of res judicata are present.

First, Birkholz's second malicious prosection action in the First Judicial District involved the same parties that were the subject of his first suit: namely, the State of Montana, the Department of Administration, the Department of Fish, Wildlife, and Parks, or its Director, and the Attorney General. Second, both malicious prosecution suits involved identical subject matter: the prosecution for the same fishing violation. Third, Birkholz raised the same issues in both suits. Finally, the capacities of the persons involved in both lawsuits were the same.

4

In short, Judge Honzel was faced with the same case that Judge McCarter dismissed in an earlier action by Birkholz. Therefore, the case was barred by res judicata.

We affirm the District Court's dismissal of Birkholz's second malicious prosecution action in the First Judicial District Court. The second action was barred by res judicata.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

c                                February 19, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Alvin Birkholz
P.O. Box 764
Miles City, MT  59301


Norman C. Peterson
Agency Legal Services Bureau, Dept. of Justice
215 No. Sanders
Helena, MT  59620

                                    ED SMITH
                                    CLERK OF THE SUPREME COURT
                                    STATE OF MONTANA

                                    BY: _____
                                        Deputy