DA 06-0569

## IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 287

FARMERS COOPERATIVE ASSOCIATION,

 Plaintiff and Appellant,

 v.

AMSDEN, LLC,

 Defendant and Appellee.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and For the County of Powder River, Cause No. DV 06-2401,
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

 For Appellant:

  Jeff A. Turner, Towe, Ball, Enright, Mackey & Sommerfeld, PLLP,
Billings, Montana

  James L. Edwards, Stevens, Edwards, Hallock & Carpenter, P.C.,
Gillette, Wyoming

 For Appellee:

  Gary Kalkstein, Kalkstein & Johnson, PC, Missoula, Montana

  John L. Amsden, Beck, Amsden & Ruggiero, Bozeman, Montana

Submitted on Briefs: June 26, 2007

Decided: November 6, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Farmers Cooperative Association (FCA) appeals the District Court's order granting a motion to dismiss for failure to state a claim filed by Appellee Amsden, LLC (Amsden). We affirm.

¶2 We address the following issues:

1. Did the District Court err by dismissing FCA's complaint pursuant to M. R. Civ. P. 13?

2. Did the District Court err by not converting Amsden's motion to dismiss to a motion for summary judgment after considering FCA's motion to consolidate?

3. Did the District Court err by denying FCA's motion to consolidate?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 Amsden entered into a buy-sell agreement with FCA to purchase a gas station and convenience store in Broadus, Montana. The written agreement provided that the price included the real estate and assorted equipment. While the parties agree that Amsden paid the purchase price of the written agreement in full, FCA alleges that the parties also entered a separate oral agreement to purchase inventory and additional equipment.

¶4 FCA filed an action, denominated as Cause No. DV-38-2004-2367 (Action 2367), on December 27, 2004, suing Amsden for breach of contract. FCA alleged that Amsden failed to pay the entire purchase price and that Amsden owed FCA a total of $52,064.87—$49,566.60 for the real estate and $2,498.27 for the equipment identified in the agreement. During discovery, Amsden attempted to obtain information from FCA

2

relating to possible claims arising from the purchase of inventory. FCA objected to this interrogatory, stating that it would "not lead to the discovery of admissible evidence."

¶5 On December 22, 2005, more than a month after the deadline set by the District Court's scheduling order to amend pleadings had passed, FCA moved to amend its complaint. FCA argued that amending was needed in order to accurately reflect the claims made in the original complaint. FCA contended that it would not change the nature of the cause of action or the amount of recovery sought. The District Court granted FCA leave to amend on January 10, 2006, for good cause shown and notwithstanding the expiration of the time for amendment of pleadings.

¶6 FCA's first amended complaint sought recovery for Amsden's failure to pay for inventory and supplies and not Amsden's failure to pay the full agreement purchase price. Amsden objected to FCA's motion to amend two days after the court granted it. The District Court recognized that Amsden's objection was untimely, but nonetheless rescinded its order granting leave to amend and set a hearing regarding Amsden's objections. Following the hearing, the court denied FCA's motion for leave to amend on the basis that the motion was untimely and FCA had not shown good cause under M. R. Civ. P. 16(b) for the delayed amendment. Moreover, the court determined that the late amendment and FCA's prior assertion that purchase of the inventory was not relevant to discovery would prejudice Amsden.

¶7 Amsden moved for summary judgment on the grounds that FCA's original complaint did not sufficiently allege claims relating to payment for inventory. Amsden further argued that it had paid the full purchase price under the agreement. FCA did not

contest these assertions. The District Court found that no substantial issues of material fact existed under the original complaint and granted Amsden's motion for summary judgment on Action 2367. Amsden appealed, and we affirmed the District Court's grant of summary judgment in *Farmers Cooperative Association v. Amsden, LLC,* 2007 MT 286, ___ Mont. ___, ___ P.3d ___.

¶8    However, prior to the entry of the District Court's order dismissing Action 2367, FCA filed a separate complaint against Amsden, denominated as Cause No. DV-38-2006-2401 (Action 2401). Action 2401 alleged that Amsden had failed to pay for inventory and equipment sold pursuant to the same buy-sell agreement litigated in Action 2367. FCA again claimed that Amsden owed FCA a total of $52,064.87, the same amount alleged in Action 2367. In response to FCA's complaint, Amsden submitted a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). Amsden argued that FCA's complaint was barred by M. R. Civ. P. 13, stating that the inventory and equipment claim was a compulsory counterclaim that FCA should have raised in Action 2367. Accordingly, Amsden argued that because FCA failed to timely assert the claim in Action 2367, it was barred from review in Action 2401. FCA responded by filing a motion to consolidate the two actions. In this motion, FCA referenced Action 2367 in detail. The District Court held a hearing regarding the parties' motions and considered the pleadings as well as FCA's motion to consolidate before granting FCA's motion to dismiss for failure to state a claim upon which relief can be granted. The District Court also ruled that the motion to consolidate had been mooted by its dismissal of the action. FCA appeals.

**STANDARD OF REVIEW**

¶9 We review de novo a district court's ruling on a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, ¶ 13, 160 P.3d 552, ¶ 13. A motion to dismiss under M. R. Civ. P. 12(b)(6) has the effect of admitting all well-pleaded allegations in the complaint. *Meagher*, ¶ 13. The complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Meagher*, ¶ 13. The determination whether a complaint states a claim is a conclusion of law. *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, ¶ 8, 66 P.3d 316, ¶ 8. Additionally, a district court's decision to dismiss a complaint on the basis of M. R. Civ. P. 13(a) is a conclusion of law. *Zimmerman v. Connor*, 1998 MT 131, ¶ 7, 289 Mont. 148, ¶ 7, 958 P.2d 1195, ¶ 7. A district court's conclusions of law are reviewed to determine if interpretation of the law was correct. *Plouffe*, ¶ 8.

**DISCUSSION**

¶10 **1. Did the District Court err by dismissing FCA's complaint pursuant to M. R. Civ. P. 13?**

¶11 FCA argues that the District Court erred by barring FCA's complaint as a compulsory counterclaim that should have been brought in Action 2367, pursuant to M. R. Civ. P. 13, in response to Amsden's counterclaim. FCA argues that there is "no applicable authority or reasonable interpretation of Rule 13 that supports the District Court's ruling." In sum, FCA asserts that compulsory counterclaims apply only to defendants and not plaintiffs. Furthermore, FCA implies that the District Court

misapplied M. R. Civ. P. 13 because Rule 13 prompts application of the doctrines of res judicata and collateral estoppel, which are not "viable arguments" since a final judgment had not been filed in Action 2367.

¶12 However, Amsden does not rely on res judicata or collateral estoppel. Rather, Amsden argues that when answering FCA's complaint in Action 2367, it asserted compulsory counterclaims relating to "FCA's failure to execute an indemnity agreement and a lease for signage in connection with the sale of the convenience store." Amsden asserts that FCA's current inventory and equipment claim arose from the sale of the convenience store and therefore must have been raised in Action 2367 as a compulsory counterclaim in FCA's reply to Amsden's compulsory counterclaims. Consequently, Amsden argues that FCA's inventory and equipment claim is barred from litigation in Action 2401. While both parties offer general authority with regard to the interpretation of M. R. Civ. P. 13, neither cites to case authority which specifically has adopted the respective interpretation they encourage this Court to adopt. Application of Rule 13 to a pleading replying to a counterclaim is thus an apparent matter of first impression in Montana.

¶13 Compulsory counterclaims are governed by M. R. Civ. P. 13(a) which states in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

6

The purpose of Rule 13 is to "avoid a multiplicity of suits by requiring the parties to adjust, in one action, their various differences growing out of any given transaction." *Zimmerman*, ¶ 9. "If a . . . counterclaim is compulsory it must be pleaded . . . [or it] will be barred." *Zimmerman*, ¶ 12.

¶14 First, we note that there is no indication from the language of Rule 13(a) that only "defendants" must assert compulsory counterclaims. Rather, Rule 13(a) requires that the *pleadings* state as a counterclaim "any claim which at the time of serving the *pleading* the *pleader* has against any *opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the *opposing party's* claim . . . ." M. R. Civ. P. 13(a) (emphasis added). A "pleading" includes complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. M. R. Civ. P. 7(a). Accordingly, by the rule's plain language, a "reply to a counterclaim" is a pleading and therefore triggers the need for the replying party to assert all counterclaims that arise out of the same transaction or occurrence that is the subject matter of the initial counterclaim. By not raising the claim, the party risks that Rule 13 will bar the claim in a subsequent action. Similarly, Federal Rule of Civil Procedure 13(a) (which mirrors M. R. Civ. P. 13(a)) bars a compulsory counterclaim not raised in an earlier action where "a *responsive pleading*, such as an answer, was required to be or was served in the earlier action." 3-13 *Moore's Federal Practice*, vol. 3, Civil § 13.15 (Matthew Bender, 2007) (emphasis added).

¶15 Here, Amsden answered FCA's complaint in Action 2367 and simultaneously raised counterclaims arising from the same transaction and occurrence as FCA's

complaint. FCA then answered Amsden's counterclaims but failed to raise any counterclaims in its response. Moreover, FCA's effort to amend its complaint to include any other claims was denied by the District Court as untimely and prejudicial to Amsden. The claim that FCA now asserts is the same inventory and equipment claim that FCA attempted to add to the complaint in Action 2367 through amendment. FCA's current claim arises from the same transaction (the buy-sell agreement) litigated in Action 2367 and which was the subject matter of Amsden's counterclaim therein. Because a reply to a counterclaim is defined as a pleading, pursuant to M. R. Civ. P. 7, FCA's reply to Amsden's counterclaim in Action 2367 triggered M. R. Civ. P. 13, and FCA's claim was compulsory. Because FCA failed to assert the claim in Action 2367, M. R. Civ. P. 13(a) bars FCA from raising it within Action 2401. Accordingly, we find that the District Court correctly interpreted M. R. Civ. P. 13(a) and properly dismissed Action 2401.

¶16 **2. Did the District Court err by not converting Amsden's motion to dismiss to a motion for summary judgment after considering FCA's motion to consolidate?**

¶17 FCA argues that the District Court erred when it considered FCA's motion to consolidate and then granted Amsden's motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). FCA asserts that because the District Court considered information not contained in the complaint, the motion to dismiss should have been converted to a motion for summary judgment, pursuant to M. R. Civ. P. 56, and both parties given an opportunity to present additional evidence.

¶18 M. R. Civ. P. 12(b)(6) requires that if

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Where a district court considers any outside information not included in the plaintiff's pleadings the court must convert a motion to dismiss to a motion for summary judgment and provide proper notice. *See Plouffe*, ¶¶ 14-15 (holding that the court erred in granting the motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) without converting the motion to one for summary judgment after the court considered the defendant's introduction of additional facts regarding previous actions brought by Plouffe against the defendant). Further, we have held it is error for a district court to convert a motion to dismiss to a motion for summary judgment without providing the parties with notice of its intention to do so. *Plouffe*, ¶ 15. Notice allows the parties a "'reasonable opportunity to present all material made pertinent to the motion and avoid surprise.'" *Plouffe*, ¶ 15 (quoting *Hoveland v. Petaja*, 252 Mont. 268, 271, 828 P.2d 392, 393 (1992)). Moreover, this allows the parties to produce additional facts that create a genuine issue of material fact and preclude summary judgment. *Plouffe*, ¶ 15.

¶19 Here, FCA's appeal stems from the July 12, 2006, hearing where the court granted Amsden's motion to dismiss Action 2401. At the hearing, the parties discussed four motions: (1) Amsden's motion to dismiss Action 2401; (2) FCA's motion to consolidate, filed in Action 2401; (3) FCA's motion to consolidate, filed in Action 2367; and (4) Amsden's motion to dismiss FCA's counterclaims in Action 2367.

9

¶20 Prior to hearing argument on any motion, the court reminded the parties that it was limited to considering only the pleadings when ruling on the motions to dismiss and would not consider other documents, including the pending motion for summary judgment filed in Action 2367. In addition to its initial warning, the court later twice discussed, during the hearing, its duty to consider only the pleadings when ruling on a motion to dismiss. In fact, before allowing Amsden to proceed with its arguments, the court requested that FCA object if Amsden referenced matters outside the scope of the motion to dismiss. FCA did not lodge any objections throughout the hearing.

¶21 Thereafter, Amsden discussed both motions to dismiss in tandem. FCA then responded to the motions to dismiss before discussing its motions to consolidate. Both parties recognized that because Actions 2367 and 2401 were occurring contemporaneously, they were inextricably intertwined. Thus, the arguments presented the court with information from both actions. The court concluded the hearing, stating that:

> I think I can consider the Motion to Consolidate as having been filed contemporaneously. I think I can look at something – look enough at this to understand what has gone on before in this case.
>
> And I'm going to grant the Defendant's Motion to Dismiss in [Action 2401]. I don't believe that this is properly before the Court – could be properly before the Court because of Rule 13. I believe the Plaintiff had an obligation to control the litigation, to set forth their litigation.
>
> . . . .
>
> This is piecemealing. It is a way to bring a number of different issues before the Court involving a general occurrence or transaction.

10

I think that is prohibited by the rules, and because of that I'm granting the Motion to Dismiss.

The court then denied FCA's motions to consolidate and granted Amsden's motion to dismiss FCA's counterclaims in Action 2367.

¶22 While the motion to consolidate is not a pleading under M. R. Civ. P. 7(a), we cannot conclude that the District Court erred by considering the motion to consolidate when granting Amsden's motion to dismiss. At the time of the hearing, both Action 2367 and Action 2401 were ongoing. Accordingly, the situation here is distinguishable from *Plouffe* where the defendant attached 151 pages of exhibits from previously concluded actions to its reply brief in support of its motion to dismiss. *Plouffe*, ¶ 15. The exhibits referenced "several prior causes of action brought by Plouffe and *adjudicated* in Defendant's favor." *Plouffe*, ¶ 5 (emphasis added). There, we concluded that the court erred by considering the exhibits while not converting the motion to dismiss into a motion for summary judgment. *Plouffe*, ¶ 20. Here, however, the court was presented with four separate motions in one hearing that involved two *ongoing* cases relating to the same parties and the same transaction or occurrence. The court was aware of its duty to convert the motion if it considered outside information and the parties acknowledged that the two cases were closely related. In fact, the parties could not agree on which issue should be argued first, as each party contended that its motion would moot the opposing motion. As such, Amsden's argument focused on the motions to dismiss and FCA's argument focused on the motions to consolidate. Thus, the information presented was

11

not about prior adjudicated cases, but rather about the procedural posture of the two cases currently pending before the court.

¶23 The policy behind converting a motion to dismiss into a motion for summary judgment when a court considers outside information, is to notify the parties of the additional evidence considered, allow ample opportunity for the parties to prepare information countering the additional evidence, and avoid surprise. *See Plouffe*, ¶ 15. These concerns do not exist in the present case. The parties were not surprised by the information and there was no need for further time to consider the issues presented. Both parties were aware that the hearing would discuss all four motions—two from Action 2367 and two from Action 2401. Further, FCA and Amsden were represented by the same counsel in both actions and all counsel were present at the hearing and aware of the hearing's scope and the contents of all motions filed. Therefore, FCA cannot claim "surprise."

¶24 Given the circumstances of this case, we conclude that the District Court did not err in considering the motion to consolidate without converting the motion to one for summary judgment prior to granting the motion to dismiss.

¶25 **3. Did the District Court err by denying FCA's motion to consolidate?**

¶26 Lastly, FCA argues that because the District Court erroneously dismissed its claim pursuant to M. R. Civ. P. 13, the District Court erred by refusing to consolidate Actions 2367 and 2401. However, given our holding that the District Court did not err in its application of M. R. Civ. P. 13, and did not err by granting Amsden's motion to dismiss, we do not reach the merits of this issue.

¶27    Affirmed.


                                        /S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

13