DA 10-0464

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 115

DENNIS DESCHAMPS,

      Plaintiff and Appellant,

  v.

TREASURE STATE TRAILER COURT, LTD, and
DENNIS RASMUSSEN, as Personal Representative
of the Estate of Larry R. Rasmussen,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. DDV 09-879
                    Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Quentin M, Rhoades, Nathan G. Wagner, Sullivan, Tabaracci & Rhoades,
                Missoula, Montana

        For Appellees:

                James C. Bartlett, Attorney at Law, Kalispell, Montana

                              Submitted on Briefs:  April 26, 2011

                                        Decided:  June 1, 2011

Filed:

                      _____
                                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Dennis Deschamps (Deschamps) appeals a June 11, 2010 order of the Eighth Judicial District, Cascade County, denying his motion for summary judgment, granting the motion for summary judgment of the Appellees Treasure State Trailer Court, Ltd. and Dennis Rasmussen, as personal representative of the Estate of Larry Rasmussen (Estate), and awarding the Estate attorney fees. Just over a year ago, we addressed very similar issues between these parties in *Deschamps v. Treasure St. Trailer Ct., Ltd.*, 2010 MT 74, 356 Mont. 1, 230 P.3d 800 (*Deschamps I*). Again, we affirm and remand for a hearing on attorney fees.

## ISSUES

¶2 A restatement of Deschamps's issues on appeal is:

¶3 1. Did the District Court err in concluding that the Estate's nonjudicial foreclosure was not a compulsory counterclaim to an earlier action between the same parties?

¶4 2. Did the District Court err in concluding that Deschamps cannot revive fraud-related claims as an affirmative defense?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 We previously related the underlying facts of this dispute in *Deschamps I*. Because this appeal is strikingly similar to Deschamps's previous appeal, we do not repeat those facts in detail. Instead, we outline only those facts necessary to place this appeal in context.

¶6 In 2003, Deschamps purchased a mobile home park (Park) outside of Great Falls, Montana, from the Estate. Deschamps financed $850,000 of the purchase price through

2

the Estate in the form of a Montana Trust Indenture Note (Note) secured by a trust indenture pursuant to the Montana Small Tract Financing Act (STFA). In March 2006, Deschamps filed a complaint against the Estate alleging that the Estate engaged in negligent misrepresentation and breach of contract during the sale of the Park (hereinafter "the first case"). Deschamps stopped making payments on the Note around this time. He also moved to amend his complaint to add five claims, including two fraud claims. The court permitted Deschamps to add a claim of negligent non-disclosure, but denied Deschamps's request to add the fraud claims because those claims were time-barred—a ruling we affirmed in *Deschamps I*, ¶¶ 32-35.

¶7 In February 2007, the Estate began the proceedings for a nonjudicial foreclosure on the Park pursuant to STFA by recording a notice of trustee's sale; however, the District Court enjoined the sale pending resolution of the litigation. The court required Deschamps to post a bond for the amount then in arrears on the Note. The Estate did not attempt to judicially foreclose on the Park nor did the Estate counterclaim to enforce the Note.

¶8 In May 2009, a jury found the Estate was not liable for negligent non-disclosure. Subsequently, the District Court lifted the injunction on the nonjudicial foreclosure and released the bond proceeds to the Estate, but declined to compel Deschamps to pay the additional accrued deficiency on the Note. We affirmed in *Deschamps I*, ¶¶ 40-45.

¶9 After the District Court dissolved the injunction, the Estate recommenced proceedings for a nonjudicial foreclosure and again recorded a notice of trustee's sale. In August 2009, Deschamps filed a Complaint, Petition for Declaratory Judgment, and

3

Application for Temporary and Permanent Injunction in the District Court (hereinafter "the instant case"), which commenced the litigation that forms the basis of the current appeal. In his complaint, Deschamps alleged the Note was an unenforceable written contract because the Estate failed to counterclaim for enforcement of the Note during the prior proceedings. He sought a temporary injunction barring the Estate's sale of the property and a permanent injunction barring the Estate from ever taking action to enforce the Note.

¶10 Both Deschamps and the Estate moved for summary judgment. Deschamps argued that the nonjudicial foreclosure was a compulsory counterclaim in the first action and that, despite his having been prohibited from asserting fraud claims in the previous action because they were time-barred, he should now be able to assert such claims as affirmative defenses to the nonjudicial foreclosure. The Estate argued that Deschamps's complaint was without merit, advancing numerous arguments including judicial and collateral estoppel.

¶11 Concurrently, in September 2009 Deschamps appealed various rulings entered in the first case by the District Court, as well as the unfavorable jury verdict. We affirmed the District Court on all issues in *Deschamps I*, ¶ 46. On June 11, 2010, the District Court denied Deschamps's motion for summary judgment and granted the Estate's cross-motion for summary judgment in the instant case. The District Court concluded that Deschamps could not raise his fraud claims because they had already been adjudicated as time-barred, and that a nonjudicial foreclosure was not a compulsory counterclaim to the first action. Deschamps timely appeals.

4

## STANDARD OF REVIEW

¶12 We review de novo a district court's ruling on a motion for summary judgment, applying the same M. R. Civ. P. 56 criteria as did the district court. *Hinderman v. Krivor*, 2010 MT 230, ¶ 13, 358 Mont. 111, 244 P.3d 306. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M. R. Civ. P. 56(c). The determination that a party is entitled to judgment as a matter of law is a legal conclusion that we review for correctness. *Phelps v. Frampton*, 2007 MT 263, ¶ 16, 339 Mont. 330, 170 P.3d 474.

## DISCUSSION

¶13 In the instant case Deschamps asserts two judicial defenses to the Estate's STFA nonjudicial foreclosure. First, Deschamps argues that the Estate is barred by M. R. Civ. P. 13(a) from conducting a nonjudicial foreclosure on the property because the nonjudicial foreclosure constitutes a claim arising out of the sale of the Park, which the Estate was required to plead as a compulsory counterclaim in the first case between the parties. Second, despite being the plaintiff in the instant case, Deschamps argues that he is entitled to raise *the affirmative defense* of fraud to defeat the Estate's nonjudicial foreclosure. These arguments fail for at least two reasons, as set forth below.

¶14 First, a nonjudicial foreclosure is not the type of claim contemplated by M. R. Civ. P. 13(a). With regard to a counterclaim, "claim" refers to "the aggregate of operative facts giving rise to a right *enforceable by a court*" or "a demand for money,

property, or a legal remedy to which one asserts a right; especially the part of a complaint in a civil action specifying what relief the plaintiff asks for." *Black's Law Dictionary* 264 (Bryan A. Garner ed., 8th ed., 2004) (emphasis added). This type of claim demands redress by a court. Conversely, a nonjudicial foreclosure (also termed a power-of-sale foreclosure) is "[a] foreclosure method that does not require court involvement." *Black's Law Dictionary* at 674. In Montana, nonjudicial STFA foreclosure sale procedures and requirements are governed by Title 71, chapter 1, part 3, MCA. Germane to this case, § 71-1-304(3), MCA, authorizes the beneficiary of a trust to elect whether to proceed with foreclosure judicially or nonjudicially:

> A trust indenture executed in conformity with this part *may be foreclosed by advertisement and sale in the manner provided in this part or, at the option of the beneficiary, by judicial procedure* as provided by law for the foreclosure of mortgages on real property. The power of sale may be exercised by the trustee without express provision in the trust indenture.

(Emphasis added.)

¶15 The plain language of the statute authorizes the Estate, as the beneficiary of the trust indenture, to determine whether to proceed with or without court involvement. When Deschamps failed to make his payments, the Estate elected to foreclose on the Park by advertisement and sale in a nonjudicial proceeding as authorized by the STFA. The Estate was within its legal right to do so, as we concluded in *Deschamps I*. *See also Knucklehead Land Co. v. Accutitle, Inc.*, 2007 MT 301, ¶ 13, 340 Mont. 62, 172 P.3d 116 (§ 71-1-313, MCA, permits a trustee in a trust indenture to avoid judicial proceedings and foreclose on the property by advertisement and sale); *Midfirst Bank v. Ranieri*, 257 Mont.

6

312, 318, 848 P.2d 1046, 1049 (1993) ("the permissive 'may' in the introductory language [of § 71-3-315, MCA] gives the trustee the *option* of foreclosing by advertisement and sale") (emphasis in original).

¶16    On appeal, Deschamps relies heavily on *Zimmerman v. Connor*, 1998 MT 131, 289 Mont. 148, 958 P.2d 1195, to support his argument that any remedy the Estate may pursue to recover for Deschamps's default on the Note was a compulsory counterclaim to the first action between these parties and is now barred.  However, *Zimmerman* is inapposite.  *Zimmerman* stands for the basic rule that all logically related *claims*, legal and equitable, arising out of a transaction must be pled in the first suit so as to avoid multiplicity of suits and insure only one *judicial* proceeding to settle all matters. *Zimmerman*, ¶¶ 9, 12.  Here, the Estate did not file a claim in court and did not seek to commence a second judicial proceeding.  The Estate commenced a foreclosure by advertisement and sale, which is a nonjudicial remedy it was statutorily entitled to invoke. *Deschamps I*, ¶ 41.  The rules governing judicial claims and defenses apply in the realm of judicial proceedings; they do not apply to nonjudicial proceedings which—by definition—take place outside the court system.  We conclude, therefore, that the District Court did not err in ruling that the Estate was not required to assert nonjudicial foreclosure as a mandatory counterclaim in the first action.

¶17    Second, as the plaintiff in the instant case, Deschamps cannot assert affirmative defenses, nor can he compel the Estate to commence a judicial action so that he may raise an affirmative defense.  An affirmative defense is, by definition, an assertion or argument that, if true, would defeat the plaintiff's claim even if the allegations in the complaint are

true. *Black's Law Dictionary* at 451. The Estate never filed a complaint and never made allegations or claims in a judicial proceeding, so there is no case against which Deschamps can or must defend himself. Moreover, we have already held that the Estate is not required to proceed judicially and may foreclose through notice and sale. *See Deschamps I*, ¶¶ 41, 44. The District Court therefore did not err in concluding that Deschamps's fraud claims were barred.

¶18 Finally, attorney fees provisions contained in contracts are enforceable. *Chase v. Bearpaw Ranch Assn.*, 2006 MT 67, ¶ 29, 331 Mont. 421, 133 P.3d 190. Trust indentures are contracts, *Rocky Mt. Bank v. Stuart*, 280 Mont. 74, 83, 928 P.2d 243, 248 (1996), and we have already held in *Deschamps I* that this specific Note is enforceable. In its August 30, 2010 order denying Deschamps's motion to partially vacate the court's previous summary judgment order and awarding the Estate's request for attorney fees, the District Court concluded that under the express provisions of the Note and the accompanying Buy-Sell Agreement, the Estate was entitled to recover attorney fees. Similarly, we conclude that the Estate is entitled to recover attorney fees in the instant case in connection with its defense of Deschamps's claims in the District Court and on appeal.

## CONCLUSION

¶19 For the foregoing reasons, we affirm the District Court and remand for a hearing on fees incurred by the Estate in the District Court and on appeal in the instant case.

¶20 Affirmed and remanded for a hearing on attorney fees.

/S/ PATRICIA COTTER


We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE