No. 00-842

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 204


MARK J. FENNESSY,

Petitioner and Appellant,

v.

LINDA DORRINGTON,

Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy N. Guth, Attorney at Law, Libby, Montana

Ann C. German, Attorney at Law, Libby, Montana

For Respondent:

Todd A. Hammer, David M. Sandler, Attorneys at Law, Kalispell, Montana


Submitted on Briefs: May 10, 2001
Decided: October 4, 2001


Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Petitioner, Mark Fennessy, filed an application in the district court for the Nineteenth Judicial District in Lincoln County for a Writ of Prohibition or in the Alternative Writ of Mandamus directed to City Judge Linda Dorrington. Dorrington filed a motion to dismiss for failure to state a claim. The District Court granted the motion to dismiss and subsequently denied Fennessy's motion to reconsider the Court's order. Fennessy appeals the District Court's refusal to reconsider its order of dismissal. We reverse the District Court and remand for further proceedings.

¶2 The sole issue on appeal is whether the District Court abused its discretion when it denied Fennessy's motion to reconsider even though Fennessy had not been provided with an opportunity to review and respond to the Motion to Dismiss.

## FACTUAL BACKGROUND

¶3 Libby City Judge, Linda Dorrington, issued two contempt citations to Libby City Attorney, Mark Fennessy, for allegedly making false statements to the Court, his lack of responsibility in the performance of his duties and a lack of respect for the court. Dorrington ordered him to appear on September 15, 2000, to show cause why an order of contempt should not be issued. Subsequently, Fennessy filed an application in the district court for a Writ of Prohibition or in the Alternative Writ of Mandamus to stay the contempt proceeding in City Court. In his application, Fennessy contended that Dorrington did not have jurisdiction to issue the contempt citation pursuant to the language of the contempt statutes. Furthermore, Fennessy contended that Dorrington was prohibited from acting as complaining witness, prosecutor and judge for the contempt proceedings. On September 8, 2000, the district court granted the application for the writ and ordered Dorrington to appear and show cause why the court should not issue the Writ of Prohibition.

¶4 On September 19, 2000, Dorrington filed a motion in opposition to the application for a Writ of Prohibition and a motion to dismiss. On September 22, Dorrington filed a motion

to continue the hearing and quash subpoenas. A few days later, Fennessy filed a brief in opposition to the motion to continue and stated within this brief that if a motion to dismiss had been filed by Dorrington, he had not received it nor had an opportunity to review it. On that same day, the District Court granted the motion to dismiss. Fennessy filed a motion to reconsider the District Court's order and included affidavits from his lawyer and staff stating that they had not received a motion to dismiss. The District Court denied this motion on November 1, 2000.

## DISCUSSION

¶5 Did the District Court abuse its discretion when it denied Fennessy's motion to reconsider even though Fennessy had not been provided with an opportunity to review and respond to the Motion to Dismiss?

¶6 The District Court denied Fennessy's motion to reconsider its order because Fennessy did not cite any authority for the motion or the pertinent subsection of Rule 60(b) which applied to his motion. Neither did Fennessy address the Court's rationale for dismissing the complaint which was that Fennessy had failed to name Dorrington in her professional capacity in the caption of the complaint. The Court also determined that the hearing required pursuant to Rule 40(D) of the Nineteenth District Court Rules was unnecessary.

¶7 We review district court orders denying Rule 60(b)(6) motions for an abuse of discretion. *Hall v. Heckerman*, 2000 MT 300, ¶ 12, 302 Mont. 345, ¶ 12, 15 P.3d 869, ¶ 12.

¶8 In Fennessy's motion to reconsider, he stated that it was brought pursuant to Rule 60(b), M.R.Civ.P, for the reasons set forth in his brief. Rule 60(b) permits parties to seek relief from a final order for a variety of reasons, including any reason justifying relief from a judgment. *In re Adoption of C.C.L.B.*, 2001 MT 66, ¶ 45, 305 Mont. 22, ¶ 45, 22 P.3d 646, ¶ 45. Fennessy stated in his brief that he had not received the motion. Therefore, he articulated a sufficient basis for the court to reconsider its order pursuant to Rule 60(1)(b), M.R.Civ.P.

¶9 A motion to dismiss is viewed with disfavor and rarely granted. *Steele v. MacGregor*, 1998 MT 85, ¶ 9, 288 Mont. 238, ¶ 9, 956 P.2d 1364, ¶ 9. *See also Varco-Pruden v. Nelson* (1979), 181 Mont. 252, 593 P.2d 48. Dismissal of an action is justified only when the allegations of the complaint clearly demonstrate that the plaintiff does not have a claim. *Buttrell v. McBride Land & Livestock* (1976), 170 Mont. 296, 298, 553 P.2d 407,

408. Courts are required to construe the complaint in the light most favorable to the plaintiff and may not dismiss it unless it appears that the plaintiff is not entitled to relief under any set of facts that could be proved in support of his claims. *General Contractors Inc. v. Chewculator, Inc.*, 2001 MT 54, ¶ 17, 304 Mont. 319, ¶ 17, 21 P.3d 604, ¶ 17.

¶10 As explanation for its order of dismissal, the District court stated that:

> [r]espondent's Motion to Dismiss, pursuant to Rule 12(b)(6), M.R.Civ.P., is based upon Petitioner naming Respondent in her individual capacity and not in her capacity as a City Judge for Libby, Montana. Petitioner has failed to respond to that allegation and is, therefore, deemed to have admitted that the dismissal motion is well taken.

The order was signed by the District Court on September 25, 2000, seven days after the motion to dismiss had been filed. On the same day, Fennessy filed a motion in opposition to the motion to continue the hearing and quash subpoenas in which Fennessy stated that he had not received Dorrington's motion to dismiss.

¶11 Dorrington argues that Fennessy should have filed a motion asking for more time to answer the motion to dismiss and that by filing the brief in opposition to Dorrington's motion to continue, the court could infer that the motion to dismiss was well-taken. However, according to Uniform District Court Rule 2, "within ten days [of the filing of a motion], the adverse party shall file an answer brief . . . . the failure to file an answer brief may be deemed admission that the motion is well-taken." Fennessy's time for responding had not yet expired and without an actual copy of the motion to dismiss, he had no way of knowing what response was necessary.

¶12 Furthermore, it is not clear why a brief in opposition to Dorrington's motion to continue would be perceived as a concession by Fennessy that Dorrington's motion was well-taken.

¶13 Fennessy contends that the District Court also failed to follow the Nineteenth Judicial District Court Rules. According to local Rule 40(D), "unless expressly waived by the parties, oral argument is mandatory for all motions filed under Rules 52, 56, 59 and 60, M.R.Civ.P." There is no indication in the record that oral argument was waived by the parties and the rule does not provide for discretionary waiver by the court.

¶14 We conclude that the District Court abused its discretion by failing to follow Uniform District Court Rule 2 and Nineteenth Judicial District Court Rule 40(D). Further, we conclude that the District Court abused its discretion when it refused to reconsider its order of dismissal even though it had evidence that Fennessy had not received the motion to dismiss and, therefore, was unable to respond to or review it.

¶15 We reverse the District Court's orders dismissing Fennessy's application and denying his motion to reconsider and remand this case to the District Court for further proceedings.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

Justice James C. Nelson dissents.

¶16 I conclude that the trial court did not abuse its discretion in refusing to reconsider Fennessy's motion. Accordingly, I would affirm.

¶17 Fennessy not only acquiesced in the District Court ruling on Dorrington's motion to dismiss before the expiration of the 10-day period set forth by Rule 2(b), Uniform District Court Rules, he actively precipitated the court's ruling. While Fennessy complains that he did not receive a copy of Dorrington's motion to dismiss and request for continuance of the hearing and to quash, the record is undisputed that he knew that she had moved to dismiss his application under Rule 12(b)(6), M.R.Civ.P. Knowing that, Fennessy failed to ask the court for time to respond to Dorrington's motion. To the contrary, he insisted that the trial judge conduct the show cause hearing even though the hearing was scheduled to take place before the expiration of the 10-day period for him to respond. By thus insisting that the court conduct the show cause hearing on September 28, 2000, Fennessy invited the District Judge to rule on Dorrington's motion to dismiss before the expiration of the 10-day period.

¶18 We have held that a trial court will not be reversed "for a ruling or procedure in which

the appellant acquiesced or participated, or to which the appellant made no objection." *Sandman v. Farmers Ins. Exchange,* 1998 MT 286, ¶ 23, 291 Mont. 456, ¶ 23, 969 P.2d 277, ¶ 23 (citing *State ex rel. Ins. Fund v. Berg* (1996), 279 Mont. 161, 174, 927 P.2d 975, 983. *See also* § 1-3-207 MCA ("Acquiescence in error takes away the right of objecting to it.").

¶19 This "invited error rule" bars Fennessy's claim of error on appeal. Having insisted on the court holding the hearing on the merits of Dorrington's motion before the expiration of Fennessy's time to respond, he should not now be heard to complain of error where the District Judge did exactly what Fennessy asked him to do.

¶20 Additionally, I disagree with the majority's statement that Fennessy "articulated a sufficient basis for the court to reconsider its order pursuant to Rule 60(b)(1), M.R.Civ.P." He did no such thing. Fennessy merely stated that his motion was brought pursuant to Rule 60(b), M.R.Civ.P., which, as the Court's opinion acknowledges, may seek relief for a variety of reasons. In his brief in support of his motion to reconsider Fennessy never referred to Rule 60(b)(1), M.R.Civ.P., nor did he argue any persuasive basis for relief under that subparagraph of the rule. In fact, having mentioned Rule 60(b) in his motion, he never referred to the rule or any part of it again in either the motion or in his supporting brief except to state at the end of his brief (which did not discuss Rule 60(b)) that the rule was applicable.

¶21 It was Fennessy's burden to apprise the trial judge of the particular grounds on which he was bringing his motion and then to cite authorities supporting his position. It was not the District Court's obligation to make Fennessy's case for him any more than it is the prerogative of this Court to make the argument that Fennessy should have made himself but did not. Even in his appeal briefs, Fennessy did not make the Rule 60(b) argument that the majority raise and then resolve in his favor. In doing so, we have violated our own jurisprudence, purely and simply. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24 (it is not a court's obligation to conduct legal research on a party's behalf, guess at the party's precise position, or develop a legal analysis which may lend support to that position).

¶22 The District Court did not abuse its discretion. Its determination not to reconsider Fennessy's motion should be affirmed. I dissent from our refusal to do so.

/S/ JAMES C. NELSON