

DA 12-0682

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 151N

IVAN G. MINKS JR.,

       Petitioner and Appellant,

  v.

GORDON R. GERTTULA,

       Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twenty-Second Judicial District, In and For the County of Big Horn, Cause No. DV 12-22 Honorable Blair Jones, Presiding Judge |

COUNSEL OF RECORD:

       For Appellant:

           Ivan G. Minks, Jr, self-represented; Billings, Montana

       For Appellee:

           Gordon R. Gerttula, self-represented; Billings, Montana

| | |
|---|---|
| Submitted on Briefs: | May 1, 2013 |
| Decided: | June 4, 2013 |

Filed:

_____
               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ivan Minks appeals the judgment of the Twenty-Second Judicial District Court awarding Gordon Gerttula $8,400 in damages for Minks's breach of the parties' lease agreement and ordering Minks to vacate the premises within ten days. Minks argues that the District Court erred by failing to consider his claim that the lease, which included an option to purchase real property, was induced by fraud and therefore void and unenforceable. We affirm.

¶3 Minks signed an agreement on November 5, 2011, to lease from Gerttula his residential property and its accompanying eighteen acres near Pryor, Montana. Minks was relocating to Billings to take a new job and needed a place where he and his wife could have their livestock. The lease was for a one-year period and provided that Minks would pay $1,200 per month rent with an option to purchase the property for $289,000. The option was to be exercised during the lease period, upon which Minks and Gerttula would enter into a buy-sell agreement. Disputes arose between the parties, culminating in Gerttula's March 3 and April 21, 2012 notices to vacate the premises due to non-payment of rent.

2

¶4     Self-represented, Minks filed a "Petition for Relief" in the District Court on April 26, 2012, requesting the court to declare the lease option contract void and to order restitution for damages alleged to have been incurred due to Minks's expenses in moving costs, utility fees, livestock transport costs, and other related expenses. Minks alleged in his Petition that Gerttula failed to disclose his arrearages in payments on the property and that three months after the lease was signed, Wells Fargo posted a notice of Trustee's Sale. Minks claimed that Gerttula's non-disclosure amounted to fraud and that he never would have signed the lease option agreement had he known about the delinquency and impending foreclosure. Minks also alleged that the septic system was failing and that Gerttula failed to make necessary repairs in order to have the property appraised so that Minks could proceed with the purchase option. The Petition alleged unconscionability in the rental agreement (§ 70-24-404, MCA) and other violations of the Montana Residential Landlord Tenant Act, actual fraud in inducing Minks to enter the contract (§ 28-2-405, MCA), and violation of the Montana Consumer Protection Act (§§ 30-14-102(8) and -103, MCA). Minks sought treble damages pursuant to § 30-14-133, MCA.

¶5     Gerttula, also appearing without counsel, filed a response to the Petition. Gerttula acknowledged the lease option agreement, but denied that he was in default in his payments on the property at the time the lease was signed. Gerttula alleged that the property had sustained extensive flood damage during the spring of 2011, resulting in over $20,000 in expenses, as a result of which he was forced to seek a loan modification to prevent the property from being foreclosed. Gerttula also claimed that septic repairs

3

had been completed and that nothing in the lease option agreement allowed Minks to stop paying rent while exercising his purchase option. Gerttula claimed that the notice to vacate was sent because Minks had been living on the property without paying rent since February 2012 and had indicated he would not be buying the property at the agreed purchase price. Gerttula asked the District Court to remove Minks from the property and to order him to pay rents due, along with Gerttula's damages and "attorney and court fees."

¶6 Following an unsuccessful "binding mediation" ordered by the District Court, the court held a hearing on September 18, 2012, and received testimony from both parties. At the conclusion of the hearing, the court ruled in favor of Gerttula and ordered Minks to vacate the premises by five o'clock p.m. on September 28, 2012. The court further ordered that Minks was responsible for seven months' rent, in the total amount of $8,400. On October 17, 2012, the District Court entered written Findings of Fact, Conclusions of Law and an Order confirming its bench rulings. The court found that Minks failed to exercise the option to purchase partly because the property would not appraise for the designated option price, attaching to its written findings an e-mail from Minks advising Gerttula of the significantly lower estimate of value he had obtained for the property. The District Court concluded that the terms of the lease unambiguously required Minks to pay rent and provided for a specific option to purchase, which Minks had not exercised. Accordingly, it entered judgment in Gerttula's favor in accordance with its oral rulings.

4

¶7 We review a trial court's findings of fact for clear error and the court's conclusions of law for correctness. *Total Indus. Plant Servs. v. Turner Indus. Group, LLC*, 2013 MT 5, ¶ 22, 368 Mont. 189, 294 P.3d 363 (citing M. R. Civ. P. 52(a) and *Lewistown Miller Constr. Co. v. Martin*, 2011 MT 325, ¶¶ 15, 17, 363 Mont. 208, 271 P.3d 48).

¶8 Minks alleges the District Court committed an error of law when it failed to recognize that a contract induced by fraud is void. Montana law is clear that the element of consent essential to the existence of a contract "is not real or free" when obtained through fraud. Section 28-2-401(1)(c), MCA. A consent that is not free is not absolutely void, but may be rescinded in the manner provided by law. Section 28-2-302, MCA. We have held that, as a general rule, fraud will vitiate a contract. *Bails v. Gar*, 171 Mont. 342, 347, 558 P.2d 458, 461 (1976).

¶9 Minks correctly points out that the District Court's written findings do not address his claim of fraud. In reviewing a court's findings of fact, however, we apply the doctrine of implied findings, under which, "where 'findings [of fact] are general in terms, any findings not specifically made, but necessary to the [determination], are deemed to have been implied, if supported by the evidence.'" *In re Transfer of Location for Mont. All-Alcoholic Bevs. Resort*, 2008 MT 165, ¶ 29, 343 Mont. 331, 184 P.3d 324 (quoting *Caplis v. Caplis*, 2004 MT 145, ¶ 32, 321 Mont. 450, 91 P.3d 1282, and *State v. Wooster*, 2001 MT 4, ¶ 18, 304 Mont. 56, 16 P.3d 409). At the hearing, the District Court expressly indicated it understood Minks's position that he was fraudulently induced into

5

signing the contract and questioned him about his non-payment of rent and his determination of whether to exercise the option. Also questioned by the court, Gerttula testified that when he signed the lease with Minks he was not in default on his payments to the bank, but that the bank had allowed deferral of payments because of flood damage to his property. He further testified that the sales prices to which Minks agreed in the lease option would have been sufficient to satisfy his loan to the bank. Gerttula testified that he had been unable to complete his loan modification with the bank because Minks was still on the property.

¶10 Necessary to the District Court's determination that Minks was liable for rent was its implicit rejection of his claim that the contract had been procured by fraud. Given Gerttula's testimony, there is sufficient evidence in the record to support a finding that Gerttula did not engage in actual fraud, within the meaning of Montana contract law, at the time the lease was signed. Section 28-2-405, MCA. Review of a trial court's factual determinations for clear error calls for considerable deference. "[W]e will reverse a district court if its findings of fact are not based on substantial evidence, if the district court has misapprehended the effect of the evidence, or if our review of the record leaves us with 'the definite and firm conviction that a mistake has been committed.'" *In re Szafryk*, 2010 MT 90, ¶ 18, 356 Mont. 141, 232 P.3d 361. Reversal of a discretionary ruling requires that the district court acted "arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial

injustice." *Albrecht v. Albrecht*, 2002 MT 227, ¶ 7, 311 Mont. 412, 56 P.3d 339 (quoting

*In re Marriage of Kovarik*, 1998 MT 33, ¶ 21, 287 Mont. 350, 954 P.2d 1147).

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of

our Internal Operating Rules, which provides for noncitable memorandum opinions.  The

District Court's express and implied findings of fact are supported by substantial

evidence, we are not left with a firm conviction that it made a mistake, and the court did

not commit an error of law.  Its Order entered October 17, 2012, is affirmed.


                                                    /S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ LAURIE McKINNON