DA 13-0619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 174

IN RE THE MARRIAGE OF:

JENNIFER L. WENDT,

      Petitioner and Appellee,

  and

DREW WENDT,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-11-357
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Torrance L. Coburn, Tipp & Buley, P.C., Missoula, Montana

      For Appellee:

      Clifford B. Irwin, Attorney at Law, PLLC, Missoula, Montana

Submitted on Briefs:  June 11, 2014
Decided:  July 8, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 This case arises from the dissolution of the marriage of Drew Wendt (Drew) and Jennifer Wendt (Jennifer). Drew appeals the District Court's Order Adopting Petitioner's Motion to Amend Parenting Plan, which limits his custody over their child, K.B.W. The following issue is presented for review:

¶2 *Did the District Court err by entering a final parenting plan without holding a hearing?*

¶3 We reverse.

## BACKGROUND

¶4 Drew and Jennifer were married on March 24, 2001. They had one child from their marriage, K.B.W. Another child from Jennifer's previous marriage, E.L.M., also resided with Drew and Jennifer. Jennifer petitioned for the dissolution of the marriage on May 31, 2011. On October 28, 2011, the District Court held a hearing in the matter and outlined an interim schedule for the parenting and custody of the children while Drew procured a permanent residence in the area. After Drew obtained permanent housing in the area, the parties continued to operate under the same schedule.

¶5 On January 18, 2013, Jennifer filed a Motion to Modify Parenting Plan, requesting that Drew's parenting time be dramatically reduced, allegedly to reflect the amount of time that Drew was spending with the children. Drew's response argued for a parenting plan wherein the children resided primarily with him. On March 20, 2013, the District Court ordered the parties to attend mediation on the matter.

2

¶6    Drew was mailed a letter notifying him of the date of the mediation. However, Drew was purportedly incapacitated by medication that he was receiving for a shoulder injury and did not pick up his mail. Drew did not attend the mediation and when his lawyer called he did not answer his phone. The District Court then entered an order amending the parenting plan on May 22, 2013. The only reason the court provided for issuing the order was Drew's failure to appear at the mediation. Drew then filed a motion pursuant to M. R. Civ. P. 60(b)(4) seeking relief from that order. The District Court failed to rule on the motion within the 60-day period prescribed by M. R. Civ. P. 60(c)(1), and it was consequently denied.

## STANDARD OF REVIEW

¶7    Where a movant seeks relief under subsection (4) of Rule 60(b), the standard of review is de novo, since the determination that a judgment is or is not void is a conclusion of law. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451 (citing *Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995)).

## DISCUSSION

¶8    In deciding the parenting of the child, a district court must "determine the parenting plan in accordance with the best interest of the child." Section 40-4-212(1), MCA. The court must consider all relevant parenting factors in determining whether parenting time is in the child's best interest. Section 40-4-212(1), MCA. We require that the district court make findings of fact sufficient for this Court to determine whether the

court considered the statutory factors and made its ruling on the basis of the child's best interest. *Woerner v. Woerner*, 2014 MT 134, ¶ 15, ___ Mont. ___, ___ P.3d ___ (citing *Jacobsen v. Thomas*, 2006 MT 212, ¶ 16, 333 Mont. 323, 142 P.3d 859). This requirement finds its roots in § 40-4-219(1), MCA, which provides that a District Court "may in its discretion amend a prior parenting plan *if it finds, upon the basis of facts . . . that the amendment is necessary to serve the best interest of the child.*" (Emphasis added.)

¶9 The District Court here gave but one reason for its amendment of the parenting plan: "Petitioner and her counsel were present [for the mediation]. Respondent's counsel was present but the Respondent did not appear. Attempts by Respondent's counsel to contact the Respondent were unsuccessful." The court issued no corresponding findings of fact or conclusions of law, and critically, the court made no mention of the best interest of the child. Accordingly, we cannot determine whether the court considered the child's best interest in making its ruling. The only conclusion we can draw from the court's order is that Drew's absence at the mediation was the determinative factor in amending the parenting plan. There is no support in the law for reliance on this factor alone in amending a parenting plan. The District Court's order ran awry of the requirements of §§ 40-4-212(1), 219(1), MCA, and is therefore contrary to law.

¶10 Jennifer argues that Drew's absence at mediation should be treated as a default judgment. Jennifer relies on our holding in *Caplis v. Caplis*, 2004 MT 145, ¶¶ 16, 24, 321 Mont. 450, 91 P.3d 1282 that "default judgments are proper upon facts establishing

4

careless conduct or willful ignorance" toward the legal proceeding. Default judgments are appropriate when a party against whom judgment is sought has failed to plead or otherwise defend. M. R. Civ. P. 55(a). Jennifer cites no legal authority treating parenting-time mediation as part of a party's pleading or defense, and we can find no precedent supporting such an application. This is because default judgments in parenting dissolutions are particularly repugnant to the idea that the court should protect the best interest of the child and that both parents should be involved with the child. Further, *Caplis* is easily distinguishable as it concerned a civil suit between officers and shareholders in a corporation, rather than a parenting plan tailored to serve the best interest of the child. We therefore decline to allow for default judgments in a parenting plan proceeding solely on the basis of a party's absence at mediation.

¶11 A party is entitled to relief from a judgment under M. R. Civ. P. 60(b)(4) when the judgment is void. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *Greater Missoula Area Fedn. Of Early Childhood Educators v. Child Start, Inc.,* 2009 MT 362, ¶ 21, 353 Mont. 201, 219 P.3d 881 (quoting *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 951 (7th Cir. 2000)). A natural parent's right to the care and custody of his or her child is a fundamental liberty interest that must be protected by fundamentally fair procedures. *Steab v. Luna*, 2010 MT 125, ¶ 22, 356 Mont. 372, 233 P.3d 351 (citations and quotations omitted). "[I]f a permanent change in custody appears to the court to be necessary then due process requires that an application

5

be made for that purpose and proper notice of such application be given." *State ex rel. Shelhamer*, 159 Mont. 11, 15, 494 P.2d 928, 930 (1972). The procedure for amending parenting plans is clearly established by statute:

> The court shall deny the [motion to amend a parenting plan] unless it finds that adequate cause for hearing the motion is established by the affidavits, *based on the best interests of the child*, in which case *it shall set a date for a hearing on an order to show cause* why the requested plan or amendment should not be granted.

Section 40-4-220(1), MCA (emphasis added). In this case, the court did not issue findings concerning the best interests of the child, nor did it hold a hearing for Drew to show cause why the amendment should not be granted. We find no evidence in the court's order or the record showing that Drew was afforded any process of law, much less due process. Accordingly, the judgment is void as a matter of law and Drew is entitled to relief from that judgment under M. R. Civ. P. 60(b)(4).

¶12 As a final matter, Jennifer argues that the original parenting plan was only an interim parenting plan, and that § 40-4-220, MCA, "only applies when a party is seeking an interim parenting plan or an amendment of a final parenting plan, neither of which occurred in this matter." Whether the District Court was making a new interim plan, creating a final parenting plan, amending an interim plan, or amending a final plan, one thing is clear; the court made no findings concerning the best interest of the child in coming to its conclusion. That consideration is required no matter the permanent status of the parenting plan or motion for amendment. *See* §§ 40-4-212,-213(1), -220(1),

6

-234(1)-(2), MCA.  The failure to hold a hearing in consideration of the best interest of the child is a violation of due process requiring reversal.

## CONCLUSION

¶13    The District Court's Order Adopting Petitioner's Motion to Amend Parenting Plan and denying Drew's 60(b)(4) motion is reversed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE