DA 14-0388

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 78N

SARA KAE COX,

       Petitioner and Appellee,

  v.

DANIEL SCOTT COX,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DR 10-35
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Robert C. Myers, Montana Resources and Asset Protection PC, Hamilton, Montana

       For Appellee:

           Matthew J. Cuffe; Amy M. Scott Smith, Worden Thane, P.C., Missoula, Montana

                      Submitted on Briefs:  February 4, 2014
                              Decided:  March 10, 2015

Filed:

_____
                  Clerk

FILED

March 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0388

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Daniel Cox appeals an order entered by the Twenty-First Judicial District Court, Ravalli County, denying his M. R. Civ. P. 60 motion for relief from the court's December 4, 2012 order adopting an amended parenting plan.  Daniel raises numerous claims of error in the court's ruling.  Because we determine that none of the claimed errors affected Daniel's substantial rights in the parenting plan proceedings, we affirm.

¶3      In 2010, Daniel and Sara Cox were divorced by joint petition, and the District Court adopted their joint proposed parenting plan.  In June 2012, Sara moved to amend the parenting plan.  Sara's attorney did not submit a proposed amended parenting plan with the motion, as required by § 40-4-219(7), MCA.  When Daniel failed to file a timely response to Sara's motion, the presiding judge's assistant contacted Sara's attorneys and asked them to submit a proposed amended parenting plan and order.  Daniel then filed a tardy pro se response to Sara's motion to amend.

¶4      In September 2012, after considering Daniel's response, the court held a two-day hearing on Sara's motion to amend and two other pending motions: a petition for a temporary order of protection, which Sara filed pro se, and a petition for contempt filed

2

by Daniel. After the hearing, the District Court directed the parties to submit proposed findings of fact, conclusions of law, and final parenting plans. On December 4, 2012, after reviewing those documents, the court issued an order adopting Sara's proposed amended parenting plan and denying both Sara's and Daniel's other motions. Daniel obtained legal representation and appealed the court's rulings. On June 25, 2013, we dismissed Daniel's appeal for failure to file an opening brief.

¶5 On December 6, 2013, more than one year after the District Court issued its order adopting Sara's amended parenting plan, Daniel filed a Motion for Relief from Proceedings and Order, bringing claims under M. R. Civ. P. 60(b)(1) for surprise, (b)(3) for fraud, (b)(4) to void the District Court's ruling, and (d)(3) for fraud on the court.

¶6 During briefing on his motion for relief, Daniel moved to disqualify the presiding judge, Judge Langton, for cause. Daniel alleged that the court had improper ex parte communications during two separate incidents: the court's contact with Sara's counsel to request her proposed amended parenting plan, and a meeting between Daniel and court staff while Daniel was self-represented. Daniel claimed that, during the meeting, the judge's assistant told him that he could not check both boxes on a form to designate both Sara and himself as custodial parents. Judge Langton was called into the meeting and allowed Daniel to complete the form as he wished and to check both boxes. Daniel's motion contended that Judge Langton could not preside over the case because he would be a necessary witness to those conversations and would have to rule on the propriety of his own conduct. Under § 3-1-805, MCA, jurisdiction over Daniel's motion to disqualify

3

transferred to this Court.  On February 18, 2014, we denied the motion because Daniel's claims were based entirely on Judge Langton's rulings and actions in this case and could be addressed in an appeal from the final judgment.

¶7    On February 25, 2014, Daniel filed a subpoena for the deposition of Judge Langton, to occur on March 20, 2014.  In a forty-seven-page opinion and order entered March 5, 2014, the District Court extensively considered all of Daniel's arguments and denied his Rule 60 motion for lack of any legal or factual basis.  The court further ordered Daniel's deposition subpoena quashed.  Daniel appeals both decisions.

¶8    We review for abuse of discretion a district court's denial of a M. R. Civ. P. 60 motion.  *In re Marriage of Markegard*, 2006 MT 111, ¶ 11, 332 Mont. 187, 136 P.3d 532.  If a district court has abused its discretion, "no reversible error occurs unless a substantial right of the appellant is [a]ffected."  *Seltzer v. Morton*, 2007 MT 62, ¶ 65, 336 Mont. 225, 154 P.3d 561 (citing *In re A.N.*, 2000 MT 35, ¶ 55, 298 Mont. 237, 995 P.2d 427); M. R. Civ. P. 61.

*Denial of Daniel's Rule 60 motion without holding oral argument.*

¶9    Daniel argues that the District Court abused its discretion by not following Twenty-First Judicial District Rule 3(B), which mandates oral argument on a motion brought under M. R. Civ. P. 60, "unless waived in writing by all parties and filed with the Court."  Daniel relies on *Fennessy v. Dorrington*, 2001 MT 204, 306 Mont. 307, 32 P.3d 1250, to support his position that the District Court's failure to hold oral argument affected Daniel's substantial rights.  However, unlike Fennessy, Daniel had numerous

opportunities to address the merits of Sara's motion to amend: he filed multiple court documents, including an answer, affidavits, proposed findings of fact and conclusions of law, and a proposed amended parenting plan, and he presented witness testimony and evidence during a two-day hearing. On his motion for relief, Daniel presented an opening brief, an affidavit, a twenty-page reply brief, and nine exhibits. Oral argument is not a forum to present new evidence or legal theories that a party has not already submitted in its written filings with the court.

¶10 Furthermore, the District Court found Daniel's Rule 60(b) motion to be untimely. Under M. R. Civ. P. 60(c)(1), motions brought under Rule 60(b)(1) and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," and motions under Rule 60(b)(4) "must be made within a reasonable time." The court determined that Daniel's Rule 60(b)(1) and (b)(3) claims were time-barred because Daniel did not file his motion until 367 days after entry of the court's order and amended parenting plan. The court determined that Daniel had waived his Rule 60(b)(4) claim by failing to raise his due process concerns or to make objections to the court's actions in the underlying proceeding. The court held that Sara's procedural error in not filing her proposed amended parenting plan was harmless, as she had served Daniel with a copy and he had an adequate opportunity to contest it. Daniel has not demonstrated how oral argument on the post-judgment motion would have affected the District Court's correct application of these procedural rules.

5

*Consideration of ODC proceedings.*

¶11 During the pendency of these proceedings, Daniel filed a complaint against Sara's attorneys with the Office of Disciplinary Counsel (ODC) for alleged ex parte communication with the court and for allegedly telling witnesses to avoid service. Daniel asserts three instances where the ODC's conclusions regarding Daniel's complaint against Sara's attorneys were referenced in court documents: once in Sara's request for costs, attorney's fees, and sanctions, and twice in the District Court's opinion discussing Daniel's allegations of improper ex parte communications. Daniel argues that these references to the ODC's conclusions violate Montana's Rules for Lawyer Disciplinary Enforcement (MRLDE), under which the ODC's "conclusions, opinions and recommendations . . . are not relevant or admissible for any purpose in any . . . judicial forum," excluding disciplinary actions before the Commission on Practice and the Montana Supreme Court. Rule 20(E), MRLDE.

¶12 In denying Daniel's Rule 60 motion, the court thoroughly discussed all of the evidence, stating, "It is abundantly clear from the record and the Comment Sheet inside the court file that Dan's allegations of improper *ex parte* communications are unfounded." Therefore, although Daniel argues and Sara concedes that the District Court should not have referenced the ODC's conclusions, the court denied Daniel's Rule 60 motion on independent grounds. The court's reference to the ODC's conclusions did not affect Daniel's substantial rights.

¶13 We also reject Daniel's argument, raised in his reply brief, that Sara's attorneys should be removed from this case for improper conduct. Sara's mention of the ODC's conclusions did not affect Daniel's substantial rights or the outcome of Daniel's Rule 60 motion, and Daniel has not provided facts to support his claim that Sara's attorneys told witnesses to avoid service of process.

*Recusal of Judge Langton.*

¶14 The Montana Code of Judicial Conduct requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned or in which the judge will be a material witness. Mont. Code of Jud. Conduct, Rule 2.12(A). In our order on February 18, 2014, this Court denied Daniel's motion to disqualify Judge Langton for cause, pursuant to § 3-1-805(1), MCA, determining that Daniel's allegations were based entirely on Judge Langton's rulings and actions in this case and could be addressed on appeal. In this appeal, Daniel argues that Judge Langton impermissibly presided over a trial involving his own actions and was a material witness.

¶15 The Montana Code of Judicial Conduct requires a judge to analyze his or her own actions to assess whether he or she has a conflict of interest and to "disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification." Mont. Code of Jud. Conduct, Rule 2.12, cmt. [5]. Daniel's argument that Judge Langton improperly discussed facts not presented by either party is unfounded. Judge Langton properly considered court conduct and practices in determining that he was not required to recuse himself.

7

¶16    Additionally, Daniel's argument that Judge Langton had improper ex parte communications with Daniel and with Sara's attorneys, injuring Daniel's ability to present his case, is unfounded.  Judge Langton allowed Daniel to check both boxes for custodial designation as he desired and directed his staff to request Sara's proposed amended parenting only when Daniel had not responded to her motion.  Moreover, the court did not simply adopt Sara's proposed parenting plan.  Rather, once Daniel filed his tardy response, the court provided months of additional briefing and hearings, considering both parties' positions before entering a final ruling.

¶17    We decline to entertain further review of Daniel's attempt to disqualify Judge Langton.

*Quashing of Daniel's subpoena of Judge Langton.*

¶18    A party may move for leave to take depositions after a final judgment has been entered.  M. R. Civ. P. 27(b)(2).  A court has discretion to grant the motion if "perpetuating the testimony may prevent a failure or delay of justice."  M. R. Civ. P. 27(b)(3).  Daniel argues that the District Court abused its discretion by quashing his subpoena of Judge Langton.  The record contains no evidence that Daniel moved for leave to take Judge Langton's deposition after entry of the amended parenting plan. Daniel has not persuaded us that his request for an opportunity to "cross examine" Judge Langton was appropriate or necessary to protect Daniel's substantial rights.  We therefore conclude that the court did not abuse its discretion in quashing Daniel's subpoena.

8

¶19   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion or commit reversible errors of law in its handling of Daniel's post-judgment motion. Daniel was not prejudiced by the court staff's effort to assist him as a pro se litigant or by its administrative contact with opposing counsel. Daniel had no legitimate basis to seek the testimony, or the recusal, of the presiding judge. The District Court gave thorough consideration to Daniel's position throughout the case and did not err in denying his belated motion for relief from the judgment. We affirm.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT